T.C. Memo. 1999-141


UNITED STATES TAX COURT


MARIAN WILSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12687-97.                    Filed April 29, 1999.


Marian Wilson, pro se.

<u>Usha Ravi</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes and accuracy-related penalties for the taxable years in the amounts set forth below:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1991 | $2,967 | $593 |
| 1992 | 4,563 | 913 |
| 1993 | 4,524 | 905 |

After concessions, the remaining issues for decision are: (1) Petitioner's bases in Special Occasions, a partnership, for the 1992 and 1993 tax years; (2) petitioner's bases in Special O, Inc., an S corporation, for the 1991, 1992, and 1993 tax years; (3) whether Special O, Inc., is entitled to claim travel expenses for the 1991, 1992, and 1993 tax years; (4) whether Special O, Inc., is entitled to expense certain depreciable business assets pursuant to section 179 for 1993; and (5) whether petitioner is liable for accuracy-related penalties pursuant to section 6662(a) for the 1991, 1992, and 1993 tax years.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Oakland, California.

FINDINGS OF FACT

During the years at issue, petitioner was a general partner with a 32-percent interest in Special Occasions, a partnership.[1] Petitioner and her sisters formed Special Occasions in 1983 for the purpose of manufacturing and selling women's large-size garments through their boutique in Oakland, California.

Petitioner also owned a one-third interest in Special O, Inc. (Special O), an S corporation.[2] Special O was incorporated in 1990 to sell women's large-size garments through the Oakland boutique, in effect dividing manufacturing and sales responsibilities between Special Occasions and Special O. Special Occasions and Special O were located in the same building with the boutique and shared offices. Special O's inventory included both garments produced by Special Occasions and garments purchased from outside suppliers.

Petitioner also owned a one-third interest in Klyce Day Care (Klyce), a partnership which, as its name suggests, engaged in

---

[1]     Special Occasions had four partners during the years at issue, all of them sisters. Petitioner, Barbara Wilson, and Linda Klyce each owned 32 percent of Special Occasions; another sister, Faye Oatis, owned 4 percent.

[2]     The other shareholders included Barbara Wilson and Linda Klyce, who each held a one-third interest. Petitioner was the president of Special O, Barbara Wilson was the vice president, and Linda Klyce was the secretary and treasurer. Faye Oatis was neither a shareholder nor an officer of Special O during the years in issue.

the business of child care.[3]  Additionally, petitioner's sister Linda Klyce ran a catering business named Sweets-N-Things (Sweets), a sole proprietorship.

Special Occasions began to lose money in 1990.  In order to keep Special Occasions operating, the partners sought business loans from local banks and the Small Business Administration. The partners were ultimately unsuccessful in obtaining loans. Petitioner therefore began making cash advances and writing checks against her credit card accounts in order to finance the daily operations of Special Occasions.  During this time, petitioner also made cash advances against her credit card accounts and then lent the money to Special O.  Petitioner's contributions to Special O were purportedly memorialized in promissory notes signed by Linda Klyce and Barbara Wilson in their capacity as officers of Special O.

Petitioner made her car, a 1986 Mercury, available to Special Occasions and Special O for business purposes.  Other businesses, such as Klyce and Sweets, also used petitioner's car. Additionally, petitioner, her sisters, and petitioner's niece all used petitioner's car for personal purposes.

---

[3]  Petitioner, Barbara Wilson, and Linda Klyce each owned one-third of Klyce.

The Oakland boutique closed its doors in 1994. Another boutique, which Special Occasions had opened in Baton Rouge, Louisiana, in 1994, closed in 1997.

At the time of trial, petitioner was employed by the Internal Revenue Service (IRS) as an acting Appeals officer. Petitioner has been employed by the IRS since 1974 and has worked at different times as a tax auditor, revenue agent, and technical analyst.

Petitioner was told by her supervisors at the IRS that she could not maintain the books and records of Special Occasions, Special O, or Klyce "as a condition of [her] employment with the IRS". The books and records of Special Occasions, Special O, and Klyce were maintained by Linda Klyce. Although petitioner did not maintain the books and records of either Special Occasions or Special O, petitioner wrote most of the checks drawn from Special Occasions and Special O's shared checking account at Wells Fargo Bank.

Petitioner reported nonpassive losses from Special O on Schedules E of her Federal income tax returns in the amounts of $6,875,[4] $8,345, and $13,777 for the 1991, 1992, and 1993 tax years, respectively. Petitioner also reported nonpassive losses

---

[4] Though petitioner reported 1991 losses from Special O in the amount of $6,875 on her Federal income tax return, the parties stipulated 1991 losses from Special O in the amount of $6,895.

from Special Occasions on Schedules E in the amounts of $2,950,[5] $5,600, and $2,689[6] for the 1991, 1992, and 1993 tax years, respectively. Special Occasions did not file a U.S. Partnership Return of Income, Form 1065, for the 1991 tax year.

In a notice of deficiency dated March 14, 1997, respondent disallowed petitioner's claimed Schedule E losses for the 1991, 1992, and 1993 tax years because petitioner did not provide any documentation to establish her bases in Special Occasions and Special O for the years in issue.

OPINION

1. Petitioner's Basis in Special Occasions

As a preliminary matter, this Court notes that the business accounting books and records purportedly maintained by Special Occasions and Special O, such as they are, are not reliable. Furthermore, petitioner's own books and records were poorly maintained and are incomplete. In response to the disorganized and sparse records offered by petitioner in this case, respondent has submitted alternative bases calculations for petitioner's business interests in both Special Occasions and Special O.

---

[5] Though reported, petitioner concedes that she is not entitled to claim a nonpassive loss from Special Occasions in the amount of $2,950 for the 1991 tax year.

[6] Though petitioner reported 1993 losses from Special Occasions in the amount of $2,689 on her Federal income tax return, the parties stipulated 1993 losses from Special Occasions in the amount of $2,699.

The determination of a partner's basis in his or her partnership interest must be made before a partner can deduct his or her share of partnership losses because losses cannot reduce a partner's basis below zero. Generally, a taxpayer's basis in a partnership includes the taxpayer's capital contributions and her share of partnership income and liabilities, less distributions and her share of partnership losses. See secs. 705, 752. A partner's distributive share of partnership loss is allowed as a deduction only to the extent of that partner's adjusted basis of the partnership interest at the end of the tax year in which such loss occurs. See sec. 704(d).

Automobile Expenses

During the years at issue, petitioner claimed automobile expenses arising from automobile use on behalf of both Special Occasions and Special O. Petitioner contends that she is entitled to deduct automobile expenses incurred during the years in issue. Alternatively, petitioner contends that her expenses, if not deductible, should be included in her claimed bases for Special Occasions and Special O.

Deductions are a matter of legislative grace, and a taxpayer must be able to show that the deduction sought comes within the express provisions of the statute. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. No deduction is allowed for personal, living, or family expenses. See sec. 262.

A taxpayer must substantiate any deductions claimed and bear the burden of substantiation. See Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers are required to maintain adequate records sufficient to enable the Commissioner to determine the taxpayer's correct tax liability. See Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). That estimate, however, must have a reasonable evidentiary basis. See Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

In addition to the requirements of section 162, section 274(d) requires strict substantiation of certain expenses including those incurred with respect to any listed property as defined in section 280F(d)(4), which includes any passenger automobile. A taxpayer is required to substantiate expenses for listed property by establishing the amount, time, place, and business purpose of the expense. See sec. 274(d). This section supersedes the doctrine in Cohan v. Commissioner, supra. See

sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

In order for petitioner to claim automobile expense deductions through either Special Occasions or Special O, those expenses must have actually been paid or incurred by either Special Occasions or Special O pursuant to section 162(a). However, there is no evidence in the record to indicate that either Special Occasions or Special O incurred automobile expenses by reimbursing petitioner for any automobile expenses incurred on their behalf. Additionally, even if petitioner was able to establish that Special Occasions or Special O incurred such expenses, such expenses must be substantiated pursuant to section 274(d). Even if such an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it. See sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Neither Special Occasions, Special O, nor petitioner kept adequate records of claimed automobile expenses.

In the alternative, petitioner contends that if she is not entitled to deduct her claimed automobile expenses, she is entitled to include such claimed expenses in her bases in Special Occasions and Special O. In any event, the only evidence presented in support of petitioner's claimed expenses is the unverified testimony of petitioner, which without supporting

documentation is insufficient to substantiate the claimed expenses.  See Hradesky v. Commissioner, supra at 90.

Petitioner testified that she and her sisters used petitioner's automobile for both Special Occasions and Special O. In addition, petitioner admitted that she also used her automobile on behalf of other businesses, as well as for personal use.  Petitioner failed to establish the percentage of personal automobile use versus business automobile use.[7]  Under such circumstances, any attempt on the part of this Court to estimate petitioner's purported automobile expenses would amount to little more than guesswork.

On the basis of the record, we find that petitioner has failed to establish that either Special Occasions or Special O incurred any deductible automobile expenses for the years in issue.  Additionally, we find that petitioner has failed to establish any amount of automobile expenses for the years in issue and is therefore not entitled to treat such purported expenses as capital contributions.

The parties stipulated that petitioner had a zero basis in Special Occasions as of January 1, 1992.  Because Special Occasions did not maintain written records which were accurate enough to determine petitioner's bases for the 1991, 1992, and

---

[7]    Additionally, petitioner failed to establish what percentage of business use reflects use of the automobile on behalf of Special Occasions, Special O, Klyce, or Sweets.

1993 tax years, petitioner claimed several different bases in Special Occasions for the years in issue. At trial, petitioner contended her bases in Special Occasions for the 1992 and 1993 tax years were $5,409[8] and $5,429,[9] respectively. After trial, petitioner contended her bases in Special Occasions for the 1992 and 1993 tax years were $3,283[10] and $3,010,[11] respectively. To support her contentions, petitioner submitted a computer-generated list of amounts petitioner purportedly borrowed from her credit card accounts and contributed to Special Occasions. Petitioner's list also included expenses incurred on behalf of Special Occasions drawn from petitioner's personal checking account.

We do not find petitioner's list to be credible, and we therefore do not accept petitioner's calculations. Petitioner's list is not based on any written business records kept by Special Occasions and is not complete. Additionally, the record

---

[8]    This amount was computed using claimed purchases in the amount of $1,806.96 and claimed auto expenses in the amount of $3,602.05.

[9]    This amount was computed using claimed purchases in the amount of $1,505.84 and claimed auto expenses in the amount of $3,922.54.

[10]    This amount was computed using claimed purchases in the amount of $2,022.97 and claimed auto expenses in the amount of $1,260.40.

[11]    This amount was computed using claimed purchases in the amount of $1,636.93 and claimed auto expenses in the amount of $1,372.89.

indicates that petitioner did not include distributions apparently received from Special Occasions in calculating her basis adjustments for the 1992 and 1993 tax years.

It is well established that we are not required to accept self-serving testimony in the absence of corroborating evidence. See <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 212 (1992). Petitioner has failed to establish her basis in Special Occasions for the years in issue.  We find that respondent has provided a more credible basis computation for Special Occasions, and, therefore, we adopt respondent's calculations.  In reviewing respondent's calculations we have found them to be very generous. Accordingly, we find that petitioner has a basis in Special Occasions in the amounts of $1,522 and $510[12] for the 1992 and 1993 tax years, respectively.  Respondent is sustained on this issue.

2.  <u>Petitioner's Basis in Special O</u>

A shareholder's basis in an S corporation generally includes her capital contributions and her share of corporation income and liabilities, less certain distributions and her share of corporation losses.  See sec. 1367(a).  A shareholder's aggregate amount of losses and deductions shall not exceed the sum of (1) the adjusted basis of the shareholder's stock in the corporation;

---

[12]    This amount does not include any carryover basis petitioner may have from the 1992 tax year.

and (2) the shareholder's adjusted basis in the corporation's indebtedness to the shareholder.  See sec. 1366(d)(1). Disallowed losses carry forward to the succeeding taxable year. See sec. 1366(d)(2).

At trial, petitioner computed her bases in Special O in the amounts of $5,180, $7,714, and $11,656 for the 1991, 1992, and 1993 tax years, respectively.  After trial, petitioner computed her bases in Special O in the amounts of $10,226, $10,715, and $14,504 for the 1991, 1992, and 1993 tax years, respectively.

Although petitioner submitted copies of promissory notes to substantiate her claimed loans to Special O, we are not satisfied that all of Special O's distributions have been accounted for or that petitioner's records adequately reflect petitioner's bases in Special O.  Neither petitioner nor Special O kept written records which reflected petitioner's bases for the years at issue; i.e., a record which established petitioner's contributions to Special O and any distributions made by Special O to petitioner for the years in issue.  Another difficulty this Court has in reconstructing petitioner's bases in Special O is that funds for both Special Occasions and Special O were commingled in a single checking account, and several of petitioner's credit card accounts were apparently used on behalf of Special O with petitioner's other partners signing

petitioner's name.  Ultimately, petitioner has failed to establish the reliability of her records.

Because of the inaccuracy and confusion surrounding the records of petitioner, we adopt respondent's calculations for petitioner's bases in Special O for the years in issue.  This Court finds respondent's calculations to be more credible than petitioner's unsubstantiated assertions.  Again, we find respondent's calculations to be very generous.

Accordingly, we hold that petitioner is entitled to claim a bases in Special O of $4,966, $3,117, and $6,566 for the 1991, 1992, and 1993 tax years, respectively.  Respondent is sustained on this issue.

3.  Travel Expenses

Petitioner contends that Special O is entitled to claim travel expense deductions in the amount of $740.81, $2,497, and $1,529 for the 1991, 1992, and 1993 tax years, respectively. These amounts represent travel expenses allegedly incurred by petitioner and her sisters on behalf of Special O.  In 1991, petitioner contends that Faye Oatis[13] and Linda Klyce traveled to San Diego and Tijuana, Mexico, allegedly to find a cheap fabric supply source.  In 1992, petitioner contends that petitioner, Faye Oatis, and Linda Klyce traveled to Baton Rouge, New Orleans,

---

[13]   Faye Oatis was not an employee or shareholder of Special O during the years at issue.

and Los Angeles.  In 1993, petitioner contends that Faye Oatis and Linda Klyce traveled to San Diego and Yuma.

Petitioner has stipulated that Special O's claimed travel expenses for the years at issue were paid from the personal funds of petitioner or her sisters.  Petitioner has failed to establish that any of the claimed travel expenses were reimbursed by Special O.  A corporation is not entitled to deduct unreimbursed shareholder expenses.  See Lang Chevrolet Co. v. Commissioner, T.C. Memo. 1967-212.

Additionally, both Special O and petitioner have failed to provide this Court with either adequate records or sufficient evidence corroborating the claimed travel deductions.  Taxpayers must substantiate any deductions claimed.  See Hradesky v. Commissioner, 65 T.C. at 90.

Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business".  Section 274(d) requires strict substantiation of certain expenses including those incurred with respect to meals, travel, and entertainment.

We hold that Special O is not entitled to claim travel expenses in the amounts of $740.81, $2,497, and $1,529 for the 1991, 1992, and 1993 tax years, respectively.  Respondent is sustained on this issue.

4.  Election To Expense Certain Depreciable Business Assets
Pursuant to Section 179

On its 1993 Form 1120S, U.S. Income Tax Return for an S Corporation, Special O elected to expense $10,570 pursuant to section 179.  The business assets in question consisted of computer equipment.  During the 1993 tax year, Special O reported an ordinary loss from trade or business activities in the amount of $40,791.  Special O did not claim depreciation for any assets placed in service during the 1993 tax year.

Section 179 allows a taxpayer to make an election to expense up to $17,500 of the cost, or portion thereof, of section 179 property for the taxable year in which the property is placed in service.  The election, once made, is irrevocable unless the revocation is consented to by the Commissioner.  See sec. 1.179-5, Income Tax Regs.  Additionally, the amount allowed a taxpayer as a deduction under section 179 cannot exceed the aggregate amount of taxable income of the taxpayer for such taxable year which is derived from the active conduct of any trade or business during such taxable year.  See sec. 179(b)(3)(A).  A taxpayer may carry over a deduction disallowed under section 179(b)(3)(A) to another taxable year.  See sec. 179(b)(3)(B).

We find that Special O is not entitled to a section 179 deduction for the 1993 tax year.  Special O had no taxable income for the tax year in issue and so would not be able to avail itself of the benefit of a section 179 expense deduction.  Since

Special O elected to expense its equipment for the 1993 tax year, it may not now withdraw that election and attempt to depreciate the same equipment for 1993 without consent of the Commissioner.

We find that petitioner is not entitled to deduct section 179 expenses for the 1993 tax year. Respondent is sustained on this issue.

5. <u>Section 6662(a) Penalty</u>

Finally, we must decide whether petitioner is liable for an accuracy-related penalty for the 1991, 1992, and 1993 tax years.

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of any underpayment of tax that is due to negligence or disregard of rules or regulations. Under section 6662(c), negligence is any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Negligence includes the failure to exercise the due care of a reasonable and ordinarily prudent person under the circumstances. See <u>Neely v. Commissioner</u>, 85 T.C. 934, 947 (1985). No penalty will be imposed on any portion of the underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. See sec. 6664(c). The most important factor is the extent of the taxpayer's effort to assess his or

her proper tax liability.  See <u>Tippin v. Commissioner</u>, 104 T.C. 518, 533-34 (1995); sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner contends that she based the information contained in her Federal income tax returns for the years in issue on information provided by Special Occasions and Special O and that she therefore made a good faith effort to comply with the provisions of the Code.  We disagree.

Petitioner possessed tax expertise because of her profession and knowledge of the financial condition of Special Occasions and Special O.  Petitioner wrote most of the checks drawn on the single bank account maintained by both Special Occasions and Special O.  Furthermore, petitioner failed to maintain adequate books and records from which her claims to deductions and losses could be determined or substantiated.

We find that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for the 1991, 1992, and 1993 tax years.  Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.