T.C. Summary Opinion 2006-113


UNITED STATES TAX COURT


CYRUS BARTHOLOMEW DAZZEL, Petitioner _v_.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11666-04S.          Filed July 18, 2006.


Cyrus Bartholomew Dazzel, pro se.

Robert Saal, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $4,499 for the taxable year 2003. At trial, petitioner conceded a previously claimed exemption for Shawnette Starks (Ms. Starks). Four issues for decision remain: (1) Whether petitioner is entitled to dependency exemption deductions for MS and YS,[1] (2) whether petitioner is entitled to head of household filing status, (3) whether petitioner is entitled to an earned income credit, and (4) whether petitioner is entitled to a child tax credit.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Orange, New Jersey.

During the year at issue, petitioner resided in Orange, New Jersey, in a residence he purchased in 2001, and worked as a self-employed carpenter.

Petitioner began dating Ms. Starks sometime during 1999. Also in 1999, Ms. Starks gave birth to MS. Petitioner and Ms. Starks were not living together at the time MS was born. Petitioner was not present at the hospital at the time of the birth, and no father was listed on MS's birth certificate.

---

[1] The Court uses the minor children's initials.

In 2002, Ms. Starks gave birth to YS. Following the birth, Ms. Starks resided with her mother in Brooklyn, New York. No father was listed on YS's birth certificate. Hospital records for Ms. Starks's labor and delivery indicate her address is the same as her mother's in Brooklyn, New York. Although petitioner and Ms. Starks have lived together intermittently since 1999, including the year at issue, they have never been married.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for taxable year 2003. In his Federal income tax return, petitioner claimed MS and YS as dependents. Petitioner also claimed head of household filing status, an earned income credit, and a child tax credit.

On June 7, 2004, respondent issued a notice of deficiency denying petitioner: (1) The claimed dependency exemptions; (2) head of household filing status; (3) an earned income credit, and; (4) a child tax credit for taxable year 2003. Petitioner timely filed the underlying petition in this case on July 6, 2004.

## Discussion

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving

that he is entitled to any claimed deductions.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Although section 7491 may shift the burden of proof to respondent in specified circumstances, petitioner here has not established that he meets the prerequisites under section 7491(a)(1) and (2) for such a shift.

I.  Dependency Exemptions

In general, a taxpayer is allowed as a deduction an exemption for every dependent.  Sec. 151(a),(c).  A child of a taxpayer is a dependent if the requirements of section 151(c)(1) are met, and the taxpayer contributed over one-half of the support for the child during the taxable year.  Sec. 152(a).  Accordingly, the first issue for discussion is whether MS and YS meet the requirements under section 151 entitling the petitioner to the claimed dependency deductions.

Both petitioner and Ms. Starks share a belief that petitioner is the biological parent of MS and YS.  Petitioner testified that the children lived with him in Orange, New Jersey, in 2003 when they were not otherwise staying with Ms. Starks in her maternal home in Brooklyn, New York.  At trial, Ms. Starks testified that she, MS, and YS resided apart from petitioner in Brooklyn, New York.  Petitioner asserts that his claimed exemptions for MS and

YS are appropriate as they are his biological children with Ms. Starks.

The issue of paternity first came before this Court when the case was called for trial in June 2005. At that time, although petitioner maintained his readiness for trial, respondent raised the issue of the possible production of amended copies of birth certificates for MS and YS. Petitioner's subsequent request for a continuance was granted, with the Judge specifically directing petitioner to obtain corrected copies of the children's birth certificates.

When this case was again called for trial on October 17, 2005, petitioner did not produce corrected birth certificates, despite being provided 4 months to obtain such copies. Trial was set for October 20, 2005, in order for petitioner to obtain corrected copies of the birth certificates. Petitioner testified at trial that, although he had taken the steps necessary to obtain corrected birth certificates, new certificates had yet to be issued.

We do not find petitioner's testimony credible on this issue. Petitioner was granted two continuances (the first lasting 4 months) where this Court specifically directed petitioner to obtain birth certificates to establish his paternal relationship to MS and YS. Petitioner has not provided any substantiated or credible evidence that he has sought to have his name added as

the father of MS and YS on their respective birth certificates. Moreover, we do not find Ms. Starks' testimony credible that but for his running an errand at the time that the birth certificate for YS was signed in the hospital, petitioner would have been listed as the father on that birth certificate. Accordingly, we find that the petitioner has not proven that he is the biological parent of MS and YS.

Although petitioner has failed to sustain his biological claims with respect to MS and YS, section 152(a) permits a dependency deduction for a foster child or an unrelated individual who has the same principal place of abode as the taxpayer and is a member of the taxpayer's household during the taxable year at issue. Sec. 152(a)(9), (b)(2). Accordingly, the next inquiry is whether petitioner has shown that the children principally resided in his Orange, New Jersey, residence during 2003.

We find both inconsistency and irreconcilable vagueness in the testimony of petitioner and Ms. Starks on the issue of where the children principally resided during 2003. Specifically, although Ms. Starks testified that the children only resided in Brooklyn, New York for 2 months while she recovered from surgery, petitioner testified that the children stayed with their mother and grandmother in New York when he was working. Although petitioner testified that medical costs incurred by the children in 2003 ranged from six to seven thousand dollars, he did not

produce any documentation in the form of a medical bill or statement listing the children's address as Orange, New Jersey.

Because we cannot conclude that MS and YS meet either the section 151(c)(3) or 152(a) definition of dependent, we need not address whether petitioner provided more than one-half of their support, and accordingly sustain the respondent on this issue.

## II.  Head of Household Status

Section 1(b) imposes a special tax rate on individuals filing as head of household.  As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his home a household that, for more than one-half of the taxable year, constitutes the principal place of abode of a person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for that dependent under section 151.

The Court has sustained respondent's determination disallowing the claimed dependency exemption deductions, and, as a result, petitioner is not entitled to head of household filing status for 2003.  Thus, respondent's determination that petitioner is not entitled to head of household filing status is sustained.

## III.  Earned Income Credit

Section 32(a) provides for an earned income credit in the case of an eligible individual.  Section 32(c)(1)(A)(i), in

pertinent part, defines an "eligible individual" as any individual who has a qualifying child for the taxable year.

The Court has determined that the claimed dependents do not meet the definitional requirements of a qualifying individual. Sec. 32(c)(3). As a result, petitioner is not entitled to an earned income credit for 2003. Thus, respondent's determination that petitioner is not entitled to an earned income credit is sustained.

IV. <u>Child Tax Credit</u>

We next consider the child tax credit. A taxpayer may be entitled to a credit against tax with respect to each "qualifying child". Sec. 24(a). The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child. If one of the qualifications is not met, the claimed child tax credit must be disallowed. The first tine of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151. Sec. 24(c)(1)(A).

As stated <u>supra</u>, the Court has sustained respondent's determination that petitioner is not entitled to dependency exemption deductions for the children. Thus, petitioner fails the first prong of the test of section 24. The Court accordingly sustains respondent's determination regarding the child tax credit under section 24.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.