T.C. Memo. 2007-34

UNITED STATES TAX COURT

IVAN G. AND ROSEMARY J. SNOREK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12863-05.          Filed February 8, 2007.

<u>Frank W. Bastian</u> and <u>Reggie L. Wegner</u>, for petitioners.

<u>Blaine Holiday</u> and <u>Kristin T. Timmons</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  Respondent determined a $607 deficiency in

petitioners' Federal income tax for 2001.  After concessions,[1]

the sole issue for decision is whether health insurance premiums

---

[1]Both petitioners and respondent have conceded adjustments
to the amount of the business expense deductions petitioners
claimed on the return for 2001.

for petitioner Rosemary Snorek (Mrs. Snorek) are fully deductible under section 162(a)[2] or only 60 percent deductible under section 162(l). We hold that they are 60 percent deductible.

## Background

This case was submitted fully stipulated pursuant to Rule 122, and the facts are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioners resided in Owatonna, Minnesota, at the time they filed the petition.

Mrs. Snorek operated a sole proprietorship upholstery business, Snorek Upholstery, during 2001. That year, Snorek Upholstery executed an adoption agreement to provide a medical reimbursement plan for eligible employees through an organization called AgriPlan/BizPlan (the plan). Eligible employees under the plan would be fully reimbursed by Snorek Upholstery for health insurance costs for themselves and their immediate family and reimbursed up to $3,000 for other out-of-pocket medical expenses. To be reimbursed, an eligible employee was required to submit a transmittal form to AgriPlan/BizPlan noting the amount the eligible employee paid or incurred for health insurance and out-of-pocket medical expenses during the year. AgriPlan/BizPlan

---

[2]All section references are to the Internal Revenue Code in effect for 2001, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Amounts are rounded to the nearest dollar.

would then audit the transmittal form and issue a statement to Snorek Upholstery stating the amount it should reimburse the eligible employee.

Mrs. Snorek, as owner and operator of Snorek Upholstery, and petitioner Ivan Snorek (Mr. Snorek) executed a written employment agreement near the end of 2000, in which Mr. Snorek agreed to perform repair and recovery services for Snorek Upholstery beginning in 2001. The employment agreement specified that Mr. Snorek would annually receive $480 in wages and would be an eligible employee under the plan.

Mr. Snorek performed services for Snorek Upholstery in 2001 and was paid $480. Near the end of 2001, Mr. Snorek submitted an employee benefit expense transmittal form (transmittal form) to the plan, claiming that he had paid $10,355 of eligible medical expenses during the year. Of this amount, $3,906 was attributable to premiums paid on a Blue Cross/Blue Shield individual health insurance policy for Mrs. Snorek. The record does not contain any evidence showing that Mr. Snorek paid the health insurance premiums for Mrs. Snorek, or that he was reimbursed by Snorek Upholstery.

Petitioners filed a joint Federal income tax return for 2001. Petitioners reported income and expenses from Snorek Upholstery on Schedule C, Profit or Loss From Business. Petitioners deducted $10,355 as an employee benefit plan expense.

The $10,355 deduction was attributable to the claimed eligible medical expenses submitted to the plan.

Respondent sent petitioners a deficiency notice. Respondent determined that petitioners were not allowed to deduct the $3,906 claimed employee benefit plan expenses attributable to the health insurance premiums for Mrs. Snorek. Respondent determined that 60 percent of $3,906 was deductible under section 162(l). Petitioners timely filed a petition.

## Discussion

We are asked to decide whether petitioners can deduct the health insurance premiums for Mrs. Snorek and, if so, to what extent. This is an unusual substantiation case because the parties agree that the health insurance premiums for Mrs. Snorek were paid; they disagree as to who paid the premiums.

We look to the general rule that deductions are a matter of legislative grace, and the taxpayer must show that he or she is entitled to any deduction claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Petitioners do not assert that the burden shifts to respondent under section 7491(a). Therefore the burden of proof remains with petitioner.

In addition, taxpayers may fully deduct all ordinary and necessary expenses paid or incurred during the taxable year carrying on a trade or business. Sec. 162(a). Ordinary and necessary business expenses include the reimbursement of employee benefit plan expenses to an employee for expenses the employee pays or incurs. Sec. 162(a)(1); sec. 1.162-10, Income Tax Regs. The deductibility of health insurance costs paid or incurred by self-employed individuals, however, is subject to the special rules of section 162(l). For 2001, self-employed individuals are allowed to deduct only an amount equal to 60 percent of the amount paid or incurred during the year for health insurance. Sec. 162(l)(1)(A) and (B).

Respondent argues that Mrs. Snorek, a self-employed individual, paid her own health insurance premiums, and therefore the premium payments are only 60 percent deductible under section 162(l). Petitioners counter that Mr. Snorek, an eligible employee under the plan, paid the health insurance premiums for Mrs. Snorek, and further argue that Snorek Upholstery reimbursed him. They argue, therefore, that the health insurance premiums for Mrs. Snorek are fully deductible as an ordinary and necessary business expense. We disagree.

Petitioners failed to provide evidence that Mr. Snorek, the eligible employee, paid the health insurance premiums for Mrs. Snorek or that he was reimbursed by Snorek Upholstery for that

amount.  Petitioners introduced the transmittal form that Mr. Snorek submitted to the plan, on which he claimed he paid the health insurance premiums for Mrs. Snorek.  Petitioners introduced no documentary evidence, however, showing that Mr. Snorek actually paid the health insurance premiums for Mrs. Snorek.  Petitioners did not, for example, introduce receipts or canceled checks showing that Mr. Snorek paid the health insurance premiums for Mrs. Snorek.  Petitioners also did not introduce the premium statement or policy itself, which may have identified the party responsible for making the premium payments for the insured.  Petitioners' failure to produce this documentation caused respondent to determine that Mrs. Snorek paid the health insurance premiums for herself.  Nothing in the record rebuts this determination nor convinces us that petitioners have carried their burden of proving that Mr. Snorek paid the health insurance premiums for Mrs. Snorek to entitle him to deduct 100 percent of the premium payments.  Accordingly, we hold that petitioners may deduct only $2,344 (60 percent) of the $3,906 health insurance premiums for Mrs. Snorek under section 162(l).

To reflect the foregoing and the concessions of the parties,

Decision will be entered
under Rule 155.