T.C. Memo. 2008-294


UNITED STATES TAX COURT


VIRGILIO M. AND MAGDALENA R. BASCOS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

RVP CORPORATION, A NEVADA CORPORATION a.k.a. LAGUNA LAKE COTTAGE
a.k.a. PMRX, Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE,
Respondent


Docket Nos. 3836-06, 3837-06.    Filed December 23, 2008.


        R determined a deficiency in Federal income tax
and a penalty pursuant to sec. 6662(a), I.R.C., for the
Bascoses' 2002 tax year.  R also determined a
deficiency and additions to tax pursuant to secs.
6651(a)(1) and 6654, I.R.C., for RVP's 2002 tax year.
After stipulations, the parties agree that the sole
issue for decision by the Court is whether RVP is
entitled to a deduction for payroll taxes in 2002.  The
parties have agreed on the amount of constructive
dividends that the Bascoses are required to report for
2002 in the event that RVP is not entitled to a
deduction for payroll taxes in 2002.

        <u>Held</u>:  RVP is not entitled to a deduction for
payroll taxes in 2002.  The Bascoses are therefore

liable for Federal income tax on a constructive
dividend from RVP in 2002.

Virgilio M. Bascos, pro se.

Steven M. Roth, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  These consolidated cases are before the

Court on petitions for redetermination of statutory notices of

deficiency for petitioners' 2002 tax years.  Some of the facts

have been deemed stipulated pursuant to Rule 91(f).[1]  In

addition, before trial, the parties resolved a number of issues

and filed stipulations of settled issues, which are hereby

incorporated by reference into our findings.  The sole issue

remaining for decision is whether RVP Corporation (RVP) is

entitled to a deduction for payroll taxes in 2002.  The parties

_____

[1]Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the Internal Revenue Code
of 1986, as amended.

In the Bascoses' case, on Dec. 21, 2007, respondent filed a
motion to show cause why proposed facts and evidence should not
be accepted as established pursuant to Rule 91(f).  Attached to
that motion was a proposed stipulation of facts.  In an order
dated Dec. 26, 2007, the Court granted respondent's motion and
ordered the Bascoses to file a response showing why the matters
set forth in respondent's motion should not be deemed admitted.
The Bascoses did not comply with the Court's order.  In an order
dated Feb. 14, 2008, the Court made absolute its order to show
cause and deemed established the facts and evidence set forth in
respondent's proposed stipulation of facts and accompanying
exhibits.

agree that the Bascoses received $19,976 in constructive dividends if RVP is not entitled to a deduction for payroll taxes in 2002.

### FINDINGS OF FACT

The Basocses incorporated RVP in the late 1990s. RVP was wholly owned by the Bascoses during 2002. Throughout that year RVP did business as Laguna Lake Cottage, an eldercare business operated out of a house owned by the Bascoses in San Luis Obispo, California.

As of the date of trial, RVP had not filed a Form 1120, U.S. Corporation Income Tax Return, for 1999, 2000, 2001, or 2002. A Form 10492, Notice of Federal Taxes Due, dated April 24, 2007, reflects that RVP had a payroll tax liability (plus interest) of $25,930.54 for 2002.[2] On May 10, 2007, that liability (among others) was paid out of an escrow account by Fidelity National Title Co. in connection with the sale of real property owned by the Bascoses.

---

[2]That liability related to Federal Insurance Contributions Act (FICA) taxes and Federal Unemployment Tax Act (FUTA) taxes, which are also referred to as employment taxes or payroll taxes. The FICA tax is a tax on wages (up to an annual limit) at a 15.3-percent rate, which is comprised of a 12.4-percent Social Security Tax and a 2.9-percent Medicare tax; excess wages are subject only to the 2.9-percent Medicare tax. Secs. 3101, 3111. Employers and employees each pay half of the FICA tax, and the employer is required to withhold the employee's portion. Secs. 3101, 3102(a), 3111. The FUTA tax requires employers to pay 6.2 percent on the first $7,000 in wages paid to each employee. Secs. 3301, 3306(b). FUTA taxes and the employer's share of FICA taxes are excise taxes. Secs. 3111(a), 3301.

On November 29, 2005, respondent issued the Bascoses and RVP notices of deficiency for their 2002 tax years.  At the time the Bascoses filed their petition, they resided in California.  When it filed its petition, RVP's principal place of business was in California.  The cases were consolidated for trial, briefing, and opinion on February 14, 2008.  A trial was held on that same day in Los Angeles, California.

OPINION

## I.   Burden of Proof

The Commissioner's determination of a taxpayer's liability is generally presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But see sec. 7491(a).  Where deductions are at issue, the taxpayer bears the burden of proving entitlement to the claimed deductions.  See Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. 540 F.2d 821 (5th Cir. 1976).

## II.   Deductibility of Payroll Taxes

Section 164(a) permits taxpayers to deduct specified taxes. Excise taxes--like Federal Unemployment Tax Act (FUTA) taxes and the employer's share of Federal Insurance Contributions Act (FICA) taxes--are not enumerated on the list of specified taxes and are deductible only if they constitute ordinary and necessary

business expenses.  See secs. 162, 212; see also sec. 1.164-2(f), Income Tax Regs.[3]

III. Accounting Method

A taxpayer is required to compute taxable income "under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books."  Sec. 446(a).[4] Similarly, a taxpayer must claim deductions in the proper tax year under that taxpayer's method of accounting.  Sec. 461(a). "The accounting methods most commonly used for income tax purposes are the cash receipts and disbursements method, and the accrual method."  Irby v. Commissioner, 30 T.C. 1166, 1174 (1958), affd. 274 F.2d 208 (5th Cir. 1960).  The cash receipts and disbursements method is commonly referred to as the "cash method".

A cash method taxpayer must deduct expenditures for the tax year in which they are actually made.  See sec. 1.446-1(c)(1)(i), Income Tax Regs.  The standard is more complex for an accrual method taxpayer--"a liability is incurred, and generally is taken into account for Federal income tax purposes, in the taxable year

---

[3]Sec. 275(a)(1) prohibits an employer from deducting Federal income tax and the employees' share of FICA taxes that are withheld at the source from wages.

[4]When no method of accounting has been regularly used by the taxpayer, or if the accounting method used by the taxpayer does not clearly reflect income, the Secretary is allowed to compute the taxpayer's taxable income using any method that clearly reflects the income.  Sec. 446(b).

in which all the events have occurred that establish the fact of the liability, the amount of the liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability." Sec. 1.446-1(c)(1)(ii), Income Tax Regs.

Because RVP never filed Federal income tax returns, it never designated an accounting method. Respondent asserts on brief that respondent used the cash method "when it was compelled to reconstruct [RVP's] income and expenses indirectly, and issue a notice of deficiency for 2002." Respondent was permitted to do so. See Schouten v. Commissioner, T.C. Memo. 1991-155 ("Since there is no evidence in this case that Mine-Rite 'regularly' computed its income using the completed contract method of accounting or any other method of accounting, our decision must be governed by the exception to the general rule contained in section 446(b)".). There is no evidence suggesting that RVP ever used the accrual method or that respondent's use of the cash method was otherwise improper.[5] As it is a cash method taxpayer, RVP could deduct the payroll taxes only in the tax year in which

_____

[5]Sec. 448(a) generally prohibits C corporations from using the cash method of accounting. There are exceptions, however, including one for entities with annual gross receipts for all prior taxable years of $5 million or less. Sec. 448(b)(3). There is no evidence that RVP ever had annual gross receipts that exceeded $5 million. The evidence that we do have suggests that RVP's annual gross receipts were nowhere near $5 million--the parties have agreed that RVP received $160,435 in gross receipts in 2002.

they were actually paid--in this case, 2007.[6]  See sec. 1.446-1(c)(1)(i), Income Tax Regs.  Therefore, RVP is not entitled to a deduction for payroll taxes in 2002.  As a result, and as agreed by the parties, the Bascoses received a constructive dividend of $19,976 in that year.

The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.

---

[6]Respondent asserts that RVP would not be entitled to a deduction even in 2007 because the Bascoses actually paid the payroll taxes.  We need not determine the correctness of that assertion in this case, which concerns only 2002.