FRANK J. HRADESKY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7847-71.     Filed October 15, 1975.

Frank J. Hradesky, pro se.
*Johnny B. Mostiler,* for the respondent.

88

## OPINION

Petitioner took depreciation deductions on a 1964 Mercury automobile on his 1966 and 1967 returns. Petitioner loaned this car to a friend in 1966; a bank then repossessed it; petitioner did not have the car at the end of 1966 or in 1967. At trial, he admitted he should not have taken depreciation on the 1964 Mercury. He did contend, however, that he should have taken depreciation on a 1965 Chevrolet and a 1966 Rambler, but he offered no documentary evidence of basis or ownership of those automobiles. Petitioner has the burden of substantiating amounts taken for depreciation; we hold he has failed to carry

that burden. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Thus he may not deduct for depreciation in 1966 or 1967 for the 1964 Mercury, 1965 Chevrolet, or 1966 Rambler.

Petitioner took deductions in 1966 and 1967 for air travel, advertising, business meals and lodging, medical expenses, and charitable contributions. In 1967, he took a deduction for general sales taxes. In two instances, air travel and general sales taxes, he offered merely unverified oral testimony, with no supporting documentary evidence. In the others, he offered no substantiation at all. We hold that petitioner has again failed to carry his burden of substantiation and accordingly may not deduct for any of these expenses beyond the amounts respondent has allowed him, which are:

|  | 1966 | 1967 |
|---|---|---|
| Air travel | $1,266.61 | $689.47 |
| Advertising | 12.00 | 0 |
| Business meals and lodging | 500.42 | 218.52 |
| Medical expenses: [2] |  |  |
|     Medicine and drugs | 484.75 | 987.66 |
|     Other medical expenses | 726.75 | 2,874.77 |
| Charitable contributions | 33.00 | 0 |
| General sales taxes | - - - | 155.00 |

In 1966, petitioner paid a mortgage company $1,250.50 for his 1966 real estate taxes in Illinois and Florida. The mortgage company was to pay Illinois and Florida $560.61 and $689.89, respectively, in 1966. However, it paid only Illinois in 1966; it paid Florida in 1967. Petitioner contends that he may deduct the full $1,250.50 in 1966. He argues that he lost control of the tax money when he made his monthly payments and that the mortgage company is merely an extension of the tax collector's office. Respondent contends that since petitioner is a cash basis taxpayer, he may take a deduction only when the taxes are paid to the taxing authority. Thus respondent concludes that $560.61 is deductible in 1966 and $689.89 in 1967.

It is clear that a cash basis taxpayer, such as petitioner, may deduct taxes only when paid to the taxing authority. *Motel Corp.,* 54 T.C. 1433, 1441 (1970); *Eugene Vassallo,* 23 T.C. 656, 664 (1955). See in particular *Arthur T. Galt,* 31 B.T.A. 930 (1934). In that case, taxpayer could not determine the amount of his

---

[2] The deduction for medical expenses is, of course, subject to the limitations of sec. 213.

1929 real estate taxes, due in 1930, because of an irregularity in the assessment rolls for Cook County, Ill. Taxpayer therefore estimated the amount of 1929 taxes due and deposited this amount in 1930 with a real estate firm which handled real estate matters for him. He instructed the firm to pay his taxes "as soon as the bills can be obtained." The firm paid his taxes in 1931. Taxpayer tried to deduct the amount paid to the real estate firm for property taxes on his 1930 income tax return, arguing that an irrevocable trust had been created in 1930 when he deposited the estimated amount of the taxes and that it was immaterial when the taxing authority actually received the funds. The Board of Tax Appeals assuming, without deciding, that an irrevocable trust had been created when taxpayer deposited the funds with the real estate firm, nevertheless, held against taxpayer since the statute, section 23(c) of the Revenue Act of 1928, ch. 852, 45 Stat. 791, 799, contemplated a payment of taxes to the taxing authority. The Board concluded that payment is not made when money "is placed in another's hands to be used to pay the petitioner's taxes," (p. 931). The Board decided *Galt* under section 23(c) of the Revenue Act of 1928; this case will be decided under section 164. We think the reasoning of *Galt* is applicable to this case since both section 23(c) and section 164 allow deductions for taxes *when paid* (in the case of cash basis taxpayers such as petitioner).

Petitioner tries to distinguish *Galt* by arguing that Galt's action was voluntary while petitioner had an absolute contractual obligation to pay the mortgage company the tax dollars. Even if this is so, we do not see what difference it would make. The key is not whether payment is voluntary; rather, it is whether payment has been made by a cash basis taxpayer to the taxing authority. In neither *Galt* nor this case was payment made to the taxing authority, but rather to third parties who paid the taxes in later years.

Since section 164 allows a deduction when taxes are "paid" and since *Galt* has held that payment to a third party does not constitute payment within the meaning of the statute, we accordingly hold that petitioner may deduct only $560.61 in 1966 and the remaining $689.89 in 1967.

Petitioner in his brief raises, for the first time, an issue involving the statute of limitations. Our rules require that petitioner raise special matters such as the statute of limitations

in his pleadings. Rule 39, Tax Court Rules of Practice and Procedure. Since he did not raise this matter in his pleading, he has waived it.

While each issue tried in this case has been decided in respondent's favor, both parties conceded some issues before and at trial. Thus,

*Decision will be entered under Rule 155.*