MAYME CARLEE JACKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 2903-92.
United States Tax Court
T.C. Memo 1995-507; 1995 Tax Ct. Memo LEXIS 503; 70 T.C.M. (CCH) 1061; October 24, 1995, Filed *503 Decision will be entered for respondent. Mayme Carlee Jackson, pro se. Vicki L. Blank, for respondent. CARLUZZO, Special Trial Judge CARLUZZO
MEMORANDUM FINDINGS OF FACT AND OPINION CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined deficiencies in petitioner's Federal income taxes for the years 1988 and 1989 in the amounts of $ 1,212 and $ 1,457, respectively. Following a concession, [2] the issues for decision are: (1) Whether petitioner is entitled to certain business expense deductions for the years 1988 and 1989 with respect to her activities involving Mary Kay Cosmetics; (2) whether petitioner overstated her gross receipts for the year 1989 with respect to her activities involving Mary Kay Cosmetics; and (3) whether *504 petitioner is entitled to a charitable contribution deduction in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulatin of facts and the exhibits attached thereto are incorporated herein by this reference. At the time that the petition was filed in this matter, petitioner resided in Sherwood, Arkansas. Petitioner filed Federal income tax returns for the years 1988 and 1989 with the Internal Revenue Service Center in Memphis, Tennessee. On her 1988 and 1989 Schedules C, petitioner reported gross receipts from the sale of Mary Kay Cosmetics products in the amounts of $ 852 and $ 1,402, respectively. She deducted various business expenses totaling *505 $ 4,849 for 1988 and $ 4,688 for 1989. In the notice of deficiency respondent reduced the gross income reported on each Schedule C to zero, determining that the reported income was attributable to sources other than the sale of Mary Kay Cosmetics products. Respondent further disallowed all of the deductions claimed on the Schedules C explaining in the notice of deficiency that "it has not been established that any amount represents an ordinary and necessary business expense, was expended for the purpose designated, or otherwise represents an allowable deduction". During the years in issue petitioner was employed as a school teacher by the Saline County Board of Education in Benton, Arkansas. For the year 1988 she also was employed, apparently on a part-time basis, by Sally Beauty Supply. At some time in 1988 she began selling Mary Kay Cosmetics products and continued to do so through 1989. She did not devote "a great deal" of time to this activity during either year because she was otherwise employed. She characterized her activities with respect to the sale of Mary Kay Cosmetics products as being "done rather haphazardly". She considered her potential customers to be people she *506 associated with through her "job, church, that sort of thing". As best as can be determined from the record, for the year 1988, petitioner's primary, if not exclusive, record of her activities relating to the sale of Mary Kay Cosmetics products consisted of a pocket calendar containing handwritten notations of various events on various dates. The events relate not only to Mary Kay Cosmetics activities, but to her employment as a teacher and personal matters, as well. This calendar was introduced into evidence by petitioner at trial. No canceled checks, receipts, or other financial documents or records were presented by petitioner. Although petitioner testified that she had a similar calendar for 1989, she did not produce it at trial. In fact she presented practically no evidence at all with respect to the issues relating to the year 1989. She testified that during the examination respondent only asked her for 1988 records and consequently that is all she brought to Court. Among other things, petitioner's calendar for 1988 reflects: (1) Sales in the amount of $ 650.98 (which apparently were not reported on petitioner's Schedule C); (2) cost of goods sold of $ 539.90; (3) expenditures *507 for travel, entertainment and meals totaling $ 969.52; (4) repair expenses in the amount of $ 222.50; and (5) supply costs of $ 129.66. Additionally, the calendar contains notations indicating the purchase of "inventory" totaling $ 507.47. Petitioner did not explain why the amounts noted in the pocket calendar for identified expenses varied from the amounts listed on her Schedule C. Other than her testimony that she did not recall earning $ 1,402 in 1989 from sources other than the sale of Mary Kay Cosmetics products, petitioner presented no evidence whatsoever with respect to that year. Much of petitioner's presentation at trial was focused upon the treatment that she received by respondent during the examination stage. She believes that she was treated unfairly by respondent during the examination. Several times during the trial she was reminded that the burden of proof was upon her and advised by the Court that it would be in her best interest not to dwell on the history of the examination, but to proceed by introducing evidence in support of her burden of proof. At one point during trial she responded to such a suggestion as follows: "I did not come to court today prepared. *508 * * * I did not come to court today prepared to defend myself on each of these items". In response to several requests by the Court that she provide certain information related to her Mary Kay Cosmetics activities, petitioner stated: "I know you need facts * * * but I don't have them". With respect to the adjustment reducing petitioner's $ 680 claimed cash charitable contribution to $ 40 for the year 1988, petitioner produced canceled checks totaling $ 35. She further testified that she and her son attended religious services on a regular basis and made cash contributions during such services. OPINION Mary Kay Cosmetics Activities
We begin with some fundamental principles of Federal income taxation. The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); *509 Welch v. Helvering, supra.This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). In addition, section 6001 requires the taxpayer to keep records sufficient to show whether or not the person is liable for tax. As is apparent from the position taken by petitioner on her returns for each year, the expenses relating to petitioner's Mary Kay Cosmetics activities in dispute in this case have been presented in the context of section 162, which generally allows a taxpayer to deduct ordinary and necessary business expenses. Sec. 162(a). Based upon the record in this case, however, petitioner cannot support the claimed deductions under section 162. Simply stated, petitioner is not entitled to deductions under section 162 since she has not established that her activities in connection with the sale of Mary Kay Cosmetics products rose to the level of a trade or business within the meaning of that section. She has not demonstrated that she conducted such activities in a businesslike manner, on a regular basis, with *510 the intent to make a profit. See Commissioner v. Groetzinger, 480 U.S. 23 (1987). Consequently, respondent's determination with respect to the disallowance of all claimed Schedule C deductions will be sustained. Recharacterization of Income
Petitioner has conceded that the $ 852 of income listed on her Schedule C was an error and respondent's adjustment with respect to this item is correct. With respect to a similar adjustment for 1989 in the amount of $ 1,402, petitioner testified that she was no longer employed by Sally Beauty Supply in 1989. She agrees that she received the income but could not recall any possible source, other than as reported on her return. Since she has failed to meet her burden of proof on this issue as well, respondent's determination with respect to the recharacterization of $ 1,402 of income for 1989 is also sustained. Charitable Contributions
Section 170 provides for the allowance of a deduction for any charitable contribution as defined under section 170(c) made within a taxable year. Sec. 170(a). Section 1.170A-13(a)(1), Income Tax Regs., provides that for contributions of cash a taxpayer shall maintain for *511 each contribution a canceled check or receipt from the donee indicating the name of the donee, the date of the contribution, and the amount of the contribution, or in the absence of a check or receipt from the donee, reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. Petitioner provided canceled checks for charitable contributions in the amount of $ 35. Petitioner has provided us with no substantiation for the remaining disputed charitable deductions claimed for the year 1988. Accordingly, we sustain respondent's adjustment reducing petitioner's claimed charitable contributions for the year 1988. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner concedes that for the year 1988 she erroneously reported $ 852 of wages from Sally Beauty Supply as earnings from self-employment. Other uncontested adjustments in the notice of deficiency are computational in nature and depend upon the resolution of the disputed issues listed above.↩