T.C. Summary Opinion 2010-68


UNITED STATES TAX COURT


SUNG HUEY MEI HSU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 29132-08S.                Filed June 7, 2010.


Sung Huey Mei Hsu, pro se.

<u>Robert V. Boeshaar</u>, for respondent.


    DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect when the petition was filed.  Pursuant to section 7463(b),

the decision to be entered is not reviewable by any other court,

and this opinion shall not be treated as precedent for any other

case.  Unless otherwise indicated, subsequent section references

are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 2005 respondent determined a deficiency of $23,293.55 in petitioner's Federal income tax and an accuracy-related penalty of $4,658.71 pursuant to section 6662.

The issues for decision[1] are whether petitioner: (1) Is required to recognize additional income attributable to the sale of her principal residence; (2) is entitled to additional expense deductions on Schedule A, Itemized Deductions; and (3) is subject to the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When petitioner filed her petition, she resided in the State of Washington.

Petitioner timely filed her 2005 Form 1040, U.S. Individual Income Tax Return. On Schedule D, Capital Gains and Losses, petitioner reported a gain of $288,699 from the sale of property.

---

[1]Petitioner sustained a long-term loss of $11,988 and realized a short-term gain of $3,636 resulting from sales of stocks and bonds which she failed to report for 2005. These amounts shall be computed pursuant to Rule 155 consistent with this opinion.

Petitioner conceded that she received and failed to report dividend income of $1,320. Her entitlement to itemized deductions is determined by computational adjustments consistent with this opinion.

Pursuant to section 121, petitioner excluded from income $250,000 of the gain associated with the sale.

In 2005 petitioner sold her home and realized a gain on the sale of the property. Although the home was her principal residence,[2] she owned only a 50-percent interest in the home; therefore, only 50 percent of the gain is attributable to her. The gain realized from the sale of the property was $529,289. Her 50-percent share of the gain was $264,644.50.

Respondent issued to petitioner a notice of deficiency disallowing in part[3] petitioner's exclusion of gain from income under section 121. Respondent alleges that petitioner is entitled to only 50 percent of the $250,000 exclusion of gain from income; i.e., $125,000.

### Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[4] Rule 142(a); see INDOPCO, Inc. v.

---

[2]Petitioner had owned and used the home as her principal residence since February 1997.

[3]In the notice of deficiency respondent determined that petitioner owned a 75-percent interest in the home. At trial respondent acknowledged that petitioner owned only a 50-percent interest in the home.

[4]Petitioner has not claimed or shown that she meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to her liability for tax.

Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

I.  Section 121 Exclusion

Section 121 provides for the exclusion from gross income of up to $250,000 of gain from the sale or exchange of property if the property was owned and used by the taxpayer as the taxpayer's principal residence for periods aggregating 2 years or more during the 5-year period preceding the sale or exchange.

While petitioner satisfies the requirements of section 121, respondent alleges that because petitioner held only a 50-percent interest in the home, she is entitled to only 50 percent of the $250,000 ($125,000) allowable exclusion under section 121. Section 121, however, contains no such limitation for partial owners of a principal residence.  In fact, the regulations provide that unmarried joint owners each owning a 50-percent interest in a principal residence are each entitled, upon sale, to the full limitation amount of $250,000 on their portions of the gain.  See sec. 1.121-2(a)(2), (4), Example (1), Income Tax Regs.  Therefore, petitioner is entitled to exclude from income up to $250,000 on her portion of the gain realized from the sale of her principal residence for 2005.

II.  Schedule A Itemized Deductions

Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any

deduction claimed.  See INDOPCO, Inc. v. Commissioner, supra at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner sought an increase in her Schedule A deductions because of unclaimed:  (1) Casualty losses sustained on a home in Taiwan; (2) losses on an investment; and (3) mortgage interest payments.

### A.  Casualty Loss

Petitioner credibly testified that she owned a home in Taiwan during 2005 that sustained substantial typhoon damage. But she presented no evidence as to the expenses associated with the sustained loss or whether she was reimbursed by insurance or otherwise.  Accordingly, petitioner's request for additional expense deductions due to a sustained casualty loss during 2005 is denied.

### B.  Investment Losses

Petitioner testified that she incurred losses as a result of an investment with Vitality Investment Group, and at trial she proffered a document to substantiate her claim.  The document, however, actually showed that petitioner realized a gain. Accordingly, the Court is unable to conclude that petitioner sustained investment losses.

C.  <u>Additional Mortgage Interest</u>

Petitioner testified that she paid additional mortgage interest in 2005 that she did not deduct on her 2005 return.  For 2005 petitioner claimed a mortgage interest deduction of $16,097, but the Court is unable to conclude that this amount did not include the interest she paid on her principal residence.  Accordingly, the Court must disallow petitioner's request for an additional mortgage interest deduction.

II.  <u>Accuracy-Related Penalty</u>

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a).  Section 6662(a) and (b)(1) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, including negligence or disregard of rules or regulations.  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to keep adequate books and records or to substantiate items properly.  See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Under section 7491(c), respondent has the burden of production with respect to the accuracy-related penalty.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

Section 6664(c)(1) provides an exception to the section 6662(a) penalty if it is shown that there was reasonable cause for any portion of the underpayment and the taxpayer acted in good faith. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in view of the taxpayer's experience, knowledge, and education. Id.

In view of the concessions, the additional allowances, the computational adjustments, and the Court's holdings herein, it is unclear whether there is an underpayment of income tax for 2005. The Court leaves for the parties to determine as part of the Rule 155 computations whether there is an underpayment. If an underpayment exists because of petitioner's concession for her failure to report dividend income of $1,320, petitioner will be liable for the accuracy-related penalty because respondent will have met his burden of production and petitioner has not established a reasonable cause or good faith defense.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.