T.C. Summary Opinion 2012-14


UNITED STATES TAX COURT


MOE MOBASHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 239-11S.                    Filed February 13, 2012.


Moe Mobasher, pro se.

<u>Kimberly A. Kazda</u>, for respondent.

## SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Respondent determined a $3,387 Federal income tax deficiency for 2007.  The issue for consideration is whether petitioner is entitled to deduct expenses claimed on Schedule C, Profit or Loss From Business.

### <u>Background</u>[2]

Petitioner resided in California when he timely filed his petition.

Petitioner was laid off in 2003.  At that time, his brother, J.P. Hamid Mobasher  (J.P.), was employed as a real estate agent by RE/MAX and convinced petitioner to enter the real estate activity.  Petitioner obtained a real estate salesperson's license in 2004.  He was then trained by and began working as a real estate agent for RE/MAX in Fremont, California (real estate activity).

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The stipulation of facts and the attached exhibits are incorporated herein by this reference.

In September 2006 petitioner started a sign manufacturing business named Stop Signs. Petitioner worked full time at Stop Signs, but he also continued with his real estate activity during his spare time, spending approximately 8 to 10 hours a week on the real estate activity. Petitioner used Stop Signs' customer list to generate leads for his real estate activity.

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for 2004, 2005, 2006, and 2007. On Schedules C, he reported no revenue from his real estate activity for 2004, 2006, or 2007. For those years, he claimed expenses with respect to his real estate activity and, therefore, losses of $9,236, $5,623, and $13,552, respectively. Petitioner did not attach a Schedule C for his real estate activity to his 2005 tax return.

Respondent issued petitioner a notice of deficiency for 2007 determining that he was not engaged in a trade or business with respect to his real estate activity and disallowing in full those Schedule C deductions.

## Discussion

Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Taxpayers must maintain records sufficient to allow the Commissioner to determine their correct tax liability. Sec.

6001; sec. 1.6001-1(a), Income Tax Regs. Additionally, taxpayers bear the burden of substantiating the amount and purpose of each item they claim as a deduction. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year. In order for a taxpayer to be in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and with the primary purpose of realizing a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). A taxpayer's personal or living expenses are not deductible. Sec. 262.

Despite the fact that his real estate activity consistently generated losses ($9,236 in 2004, $5,623 in 2006, and $13,552 in 2007), petitioner insists he intended to realize a profit. There is, however, no objective evidence to support his testimony. His real estate activity never generated revenue. The record in this case does not, in any manner, support petitioner's contention that his real estate activity was a business activity.

Petitioner claims to have received income in 2005 when he and J.P. sold two properties. He claims that he received a share of the commissions from those

sales.  Unfortunately, the record again does not support petitioner's claim, as he  did not file a Schedule C for his real estate activity for that year.

Petitioner also claims that he was unable to sell any properties in 2004, 2006, and 2007 because of unfavorable economic conditions.  He did not, however, offer any evidence of the economic conditions during those years and of whether they, in fact, adversely affected the real estate market.

We, therefore, find that petitioner was not engaged in a trade or business and hold that he is not entitled the deductions claimed on his Schedule C for 2007.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.