T.C. Memo. 2017-117

UNITED STATES TAX COURT

WILLIE LEWIS AND BARBARA LEWIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6940-15.                              Filed June 19, 2017.

Willie Lewis and Barbara Lewis, pro sese.

<u>Edwin B. Cleverdon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in petitioners'

2011 Federal income tax of $1,681 and an accuracy-related penalty under section

6662(a)[1] of $336.20.  The issues we must decide are (1) whether petitioners are

_____

[1] Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] entitled to deductions for business expenses and (2) whether they are liable for an accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

Petitioners resided in Alabama when they filed their petition.

During the year in issue Mr. Lewis was a minister who occasionally performed weddings, attended meetings, and conducted seminars.

Petitioners timely filed a Federal income tax return for 2011 reporting unreimbursed employee business expenses on a Schedule A, Itemized Deductions.[2] Respondent issued a notice of deficiency disallowing the deductions for the business expenses and determining an accuracy-related penalty under section 6662(a).[3] Petitioners timely filed a petition seeking redetermination.

---

[1](...continued)
Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The record does not include a copy of petitioners' return. At trial petitioners claimed deductions for various business expenses, which we discuss in the body of this opinion.

[3] One other adjustment in the notice was computational and need not be addressed.

**[*3]**                                    OPINION

I.      Preliminary Matter

Petitioners attached several exhibits to their briefs which were not already in the record. Respondent did not file a motion to strike the exhibits but rather objected on brief to the use of these documents.

Reopening the record for the submission of additional evidence lies within the discretion of the Court. Butler v. Commissioner, 114 T.C. 276, 286-287 (2000). The policy of the Court is to try all of the issues raised in a case in one proceeding to avoid piecemeal and protracted litigation. Markwardt v. Commissioner, 64 T.C. 989, 998 (1975).

Petitioners were given ample opportunity to provide evidence both before and at trial, and they did not introduce most of the proposed exhibits. Under these circumstances, we decline to receive additional evidence.

II.     Burden of Proof

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if the taxpayer meets

**[*4]** certain preliminary conditions.  Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).  Petitioners have not shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent.  Accordingly, petitioners bear the burden of proof.  See Rule 142(a).

III.    Expense Deductions

A.    Trade or Business

Mr. Lewis' argument, as we understand it, is that he was an independent contractor engaged in the business of being a minister and an author and that the business expense deductions respondent disallowed should be deductible as trade or business expenses on a Schedule C, Profit or Loss From Business.

Section 162(a) provides that a taxpayer who is carrying on a "trade or business" may deduct ordinary and necessary expenses incurred in connection with the operation of the business.  To be engaged in a trade or business within the meaning of section 162, "the taxpayer's primary purpose for engaging in the activity must be for income or profit."  Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987); see also sec. 183 (generally providing that if an activity is not engaged in for profit, then no deduction attributable to that activity shall be allowed).  In assessing the taxpayer's profit motive, we accord greater weight to objective facts than to subjective statements of intent.  Keanini v. Commissioner, 94 T.C. 41, 46

**[*5]** (1990); sec. 1.183-2(a), Income Tax Regs.; see Indep. Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726 (9th Cir. 1986), aff'g Lahr v. Commissioner, T.C. Memo. 1984-472.

Mr. Lewis offered no credible evidence to establish a profit motive for his ministry and book writing activities. In fact, Mr. Lewis admitted at trial that he "didn't charge" for services he performed as a minister. Mr. Lewis likewise did not provide evidence showing that he had any income from his alleged book writing activity. Mr. Lewis produced no accounting records, bank statements, invoices, or any other records traditionally associated with a business operating for a profit. Mr. Lewis merely submitted credit card statements and a summary thereof showing certain expenses. He also submitted a questionable employment contract with Goodnews Ministries which states that he would be compensated $1 per year for his services. Mr. Lewis did not testify or otherwise offer credible evidence that he was actually paid the $1 or any other amount. Under these circumstances we find that Mr. Lewis was not engaged in a trade or business for profit. Therefore, under section 183(a) and (b) the deductions attributable to his ministry and book writing activities are limited to the gross income he derived

[*6] therefrom.  Because Mr. Lewis derived no gross income from those activities in 2011, petitioners are entitled to no deductions.[4]

## B.      Substantiation of Expenses

Even if Mr. Lewis were found to have engaged in a "trade or business" for profit, we would find that petitioners failed to substantiate the expenses underlying their claimed deductions.  The burden of substantiating expenses rests on the taxpayer.  Sec. 6001; Rule 142(a); see Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).  Most of Mr. Lewis' claimed expenses include automobile and travel-related expenses which are subject to the strict substantiation requirements of section 274(d).  To deduct such items, the taxpayer must substantiate through adequate records or other corroborative evidence the amount of the expense, the time and place of the expense, and the business purpose of the expense.  Sec. 274(d).  A taxpayer satisfies the "adequate records" test if he or she maintains an account book, a diary, a log, a statement of expense, trip sheets, or similar records prepared at or near the time of the expenditures that show each element of each expenditure or

---

[4]  Sec. 183(b)(1) allows certain types of deductions that do not require a profit motive.  Petitioners failed to establish that any of their claimed deductions do not require a profit motive.  See secs. 162, 183(c).  Thus they do not qualify for deductions under sec. 183(b)(1).

[*7] use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Mr. Lewis supports the claimed deductions with credit card statements, a spreadsheet generally itemizing the credit card charges, and a spreadsheet listing events he attended through April 2011 with the corresponding mileage, meal expenses, and hotel expenses related to the events.  The summary schedule, which was created well after the expenses were incurred, is not an adequate record for purposes of section 274(d).  It was not maintained at or near the time of any expenditures, nor does it include their business purposes.  Furthermore, the summary schedule is incomplete--it fails to include events attended and expenses incurred after April 2011.  Moreover, Mr. Lewis did not offer credible testimony or other evidence explaining how the charges on the credit card statements relate to any specific business purpose.

To the extent Mr. Lewis' credit card statements reflect expenses not subject to strict substantiation, he has failed to specifically identify which of the numerous expenses petitioners are claiming as deductions; and he has similarly failed to demonstrate why any of the expenses are ordinary and necessary business expenses.  See Hale v. Commissioner, T.C. Memo. 2010-229, slip op. at 6 (stating that we need not sort through a taxpayer's evidence "in an attempt to see what

**[*8]** is, and what is not, adequate substantiation of the items" on the taxpayer's returns).

We therefore find that petitioners would not be entitled to the claimed deductions even if Mr. Lewis had engaged in a profit-seeking business during 2011.

IV.   Accuracy-Related Penalty

We next determine whether petitioners are liable for an accuracy-related penalty.  Section 6662(a) and (b)(1) authorizes the Commissioner to impose a 20% penalty on the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations.  The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard.  See sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs. "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly."  Sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which the taxpayer shows that there was reasonable cause and that he or she acted in good faith.  See sec. 6664(c)(1).  The decision as to

**[\*9]** whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Id.

The Commissioner bears the burden of production with respect to the taxpayer's liability for the section 6662(a) penalty and must produce sufficient evidence indicating that it is appropriate to impose the penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for the position. See Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent met his burden of production in establishing the appropriateness of the penalty. Petitioners did not maintain sufficient records to support the expenses underlying their deductions, and the disallowed deductions are directly attributable to petitioners' failure to maintain adequate records. Nor have petitioners offered any evidence that they had reasonable cause for their

**[*10]** failure to maintain adequate business records or for their improper deductions. On the contrary, Mr. Lewis testified that he had previously been a return preparer "for one of the major companies" which shows that he should have been aware that he was required to support his deductions with adequate records. We therefore hold that petitioners are liable for a section 6662(a) accuracy-related penalty on the grounds of negligence and disregard of rules and regulations.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.