**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-50

UNITED STATES TAX COURT

JOEL G. NGANGA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7884-13S.                    Filed June 4, 2014.

Joel G. Nganga, pro se.

<u>K. Elizabeth Kelly</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiencies in, and accuracy-related penalties on, petitioner's Federal income taxes:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2010 | $17,790 | $3,558.00 |
| 2011 | 17,384 | 3,476.80 |

After deemed concessions by petitioner and express concessions by respondent,[2] the issues for decision are as follows:

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner did not assign any error or allege any facts in the petition regarding respondent's determination:  (1) disallowing returns and allowances claimed on Part I (Income) of his Schedule C, Profit or Loss From Business, for 2010 or (2) that he received a taxable State income tax refund of $5,428 in 2011. Accordingly, petitioner is deemed to have conceded those issues.  See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); see also McNeil v. Commissioner, T.C. Memo. 2011-150, 2011 WL 2559802, at *1 n.3 (issues not raised on brief or at trial are deemed conceded), aff'd per curiam, 451 Fed. Appx. 622 (8th Cir. 2012).  Respondent concedes that petitioner is entitled to deductions claimed on his Schedule A, Itemized Deductions, for mortgage interest of $7,091 and real estate taxes of $1,680 for 2011.

(1) Whether petitioner is entitled to deduct various expenses claimed by him on Part II (Expenses) of his Schedules C, Profit or Loss From Business, for 2010 and 2011;

(2) whether petitioner is entitled to deduct the miscellaneous deductions claimed by him on Schedule A, Itemized Deductions, for 2010;

(3) whether petitioner is liable for tax and the 10% additional tax under section 72(t) on a distribution from an individual retirement account (IRA) for 2010; and

(4) whether petitioner is liable for accuracy-related penalties under section 6662(a) for 2010 and 2011.

Other adjustments made in the notice of deficiency are purely computational and will be resolved on the basis of the Court's disposition of the disputed issues.

## Background

Some of the facts have been stipulated, and they are so found. Petitioner's legal residence was in the State of Georgia at the time that the petition was filed with the Court.

### 2010 Form 1040

Petitioner timely filed a 2010 Form 1040, U.S. Individual Income Tax Return, reporting wages of $116,338 and a State tax refund of $3,240. Petitioner

did not report an IRA distribution of $1,758 that he received from Fidelity Insurance, nor did he otherwise disclose this distribution on his return.

Petitioner itemized his deductions for 2010, and he attached to his return a Schedule A. On his Schedule A, petitioner claimed total itemized deductions of $44,195. This amount included State and local taxes of $8,345 (specifically including State and local income taxes of $5,631) and gross miscellaneous deductions of $11,850.

Petitioner also attached to his 2010 return a Schedule C for Dependable Komputer, which he described as engaged in "computer troubleshooting". In Part I (Income) of his Schedule C, petitioner reported gross income of $1,000, which he calculated as follows:

| | |
|---|---|
| Gross receipts | $4,200 |
| Less: Returns and allowances | - 3,200 |
| Gross income | 1,000 |

In Part II (Expenses) of his Schedule C, petitioner claimed deductions (including one for the use of 70% of his home) of $68,131, with a resulting net loss of $67,131.

Among the expenses claimed by petitioner on his Schedule C were the following:

| | |
|---|---|
| Car and truck expenses | $10,816 |
| Depreciation and sec. 179 expense | 22,464 |
| Office expense | 630 |
| Travel | 9,000 |
| Utilities | 4,300 |
| Other expenses | 3,230 |
| Expenses for business use of home | 8,694 |

In sum, petitioner reported taxable income on his 2010 return as follows:

| | |
|---|---|
| Wages | $116,338 |
| State and local tax refund | 3,240 |
| Less: Business loss | - 67,131 |
| Adjusted gross income | 52,447 |
| Less: Itemized deductions | - 44,195 |
| Less: Personal exemption | - 3,650 |
| Taxable income | 4,602 |

On the basis of the foregoing, petitioner reported tax of $463. He then claimed a residential energy credit in the same amount and so reported no tax liability for 2010.

2011 Form 1040

Petitioner timely filed a 2011 Federal income tax return. On his return, petitioner reported wages of $95,443. Petitioner did not report any refund of State tax.

Unlike 2010, petitioner did not itemize deductions for 2011 but rather claimed the standard deduction. Like 2010, petitioner attached to his 2011 return a Schedule C for Dependable Komputer.

On his Schedule C petitioner reported net income of $1,880 and claimed deductions (including one for the use of 70% of his home) of $75,478, with a resulting net loss of $73,598.

Among the expenses claimed by petitioner on his Schedule C were the following:

| | |
|---|---|
| Car and truck expenses | $20,869 |
| Depreciation and sec. 179 expense | 6,490 |
| Mortgage interest | 7,091 |
| Office expense | 3,200 |
| Repairs and maintenance | 4,300 |
| Travel | 8,420 |
| Utilities | 2,800 |
| Other expenses | 5,124 |
| Expenses for business use of home | 12,384 |

In sum, petitioner reported taxable income on his 2011 return as follows:

| | |
|---|---|
| Wages | $95,443 |
| Less: Business loss | - 73,598 |
| Adjusted gross income | 21,845 |
| Less: Standard deduction | - 5,800 |
| Less: Personal exemption | - 3,700 |
| Taxable income | 12,345 |

On the basis of the foregoing, petitioner reported tax of $1,424.

Notice of Deficiency

In due course respondent issued a notice of deficiency to petitioner for 2010 and 2011. In the notice respondent disallowed miscellaneous deductions claimed by petitioner on Schedule A for 2010. Respondent also disallowed both the Schedule C offset for returns and allowances for 2010 and the various deductions petitioner claimed on his Schedules C for 2010 and 2011 as listed above.[3] Further, respondent determined for 2010 that (1) petitioner failed to report the Fidelity IRA distribution of $1,758 and (2) he was liable for the 10% additional tax thereon under section 72(t). Moreover, for 2011 respondent determined that petitioner failed to report a taxable refund of State income tax of $5,428.[4] Finally, respondent determined that petitioner was liable for accuracy-related penalties under section 6662(a) for 2010 and 2011 on the basis of, inter alia, substantial understatements of income tax.

---

[3] As mentioned supra note 2, respondent subsequently agreed to recategorize the deduction claimed by petitioner on his 2011 Schedule C for mortgage interest of $7,091 as an itemized deduction on his Schedule A and as such conceded it. Although respondent also conceded (as mentioned in note 2) a deduction for real estate taxes for 2011 on petitioner's Schedule A, the record does not disclose whether such taxes had been subsumed in some deduction on the Schedule C.

[4] This determination is consistent with respondent's allowance of the deduction claimed by petitioner on his 2010 Schedule A for State and local taxes.

Petitioner timely filed a petition for redetermination.

Petitioner did not appear at trial. However, the day before trial he appeared at calendar call, and later that day he executed a stipulation of facts that includes as an exhibit "the documents provided to respondent by petitioner in an effort to substantiate the deductions he claimed on his Schedules C for taxable years 2010 and 2011."[5] Those documents, which are tantamount to a shoebox full of uncategorized records, do include a Cobb County (State of Georgia) Occupational Tax Certificate for Dependable Komputer demonstrating the payment of $102 in 2011 for a business license. The stipulation of facts does not include any documents or facts regarding miscellaneous deductions claimed on petititioner's Schedule A, nor any documents or facts regarding the Fidelity IRA distribution.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[5] At no time since calendar call has the Court heard from petitioner.

Pursuant to section 7491(a)(1), the burden of proof as to factual matters may shift from the taxpayer to the Commissioner under certain circumstances. Petitioner did not allege that section 7491 applies, nor did he either introduce the requisite evidence or satisfy the substantiation, recordkeeping, and other requirements of that section. See sec. 7491(a)(1) and (2)(A) and (B). Therefore, petitioner bears the burden of proof. See Rule 142(a).

II. Substantiation of Deductions

Deductions are allowed solely as a matter of legislative grace, and the taxpayer bears the burden of proving his or her entitlement to them. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.

A. Deductions Claimed on Petitioner's Schedule C

Section 162(a) allows a deduction for ordinary and necessary business expenses that a taxpayer pays in connection with the operation of a trade or business. Boyd v. Commissioner, 122 T.C. 305, 313 (2004). To be "ordinary" the expense must be of a common or frequent occurrence in the type of business

involved.  Deputy v. du Pont, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. at 113.  Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.  In contrast, section 262(a) disallows deductions for personal, living, or family expenses.

In support of the deductions claimed for Dependable Komputer, petitioner presumably relies on the uncategorized jumble of documents that was incorporated into the stipulation of facts as an exhibit.  Because petitioner inexplicably failed to appear at trial, the record is silent regarding how these documents might demonstrate deductible expenses for a computer repair business.[6]  See Chrush v. Commissioner, T.C. Memo. 2012-299, at *5-*6 (citing Patterson v. Commissioner, T.C. Memo. 1979-362 (disapproving "shoebox method")); see also Hale v. Commissioner, T.C. Memo. 2010-229, 2010 WL 4120880, at *2 ("We need not * * * undertake the task of sorting through * * *[these documents] in an attempt to see what is, and what is not, adequate substantiation of the items on petitioner's returns.").  Without the benefit of petitioner's testimony to interpret and give

---

[6] For example, petitioner's documents include receipts for children's meals at fast food restaurants.

meaning to these documents, there is but one that demonstrates on its face a business purpose, namely, a copy of a Cobb County Occupational Tax Certificate issued to Dependable Komputer evidencing the payment of $102 in 2011 for a business license. Apart from this item, petitioner failed to substantiate any deductible expense or allowance for either 2010 or 2011. Petitioner has substantiated $102 of business expenses allowable as a deduction on his Schedule C for 2011.

### B. Deductions Claimed on Petitioner's Schedule A for 2010

Petitioner claimed $44,195 of deductions on Schedule A of his 2010 Federal income tax return, including gross miscellaneous itemized deductions of $11,850.

Respondent disallowed all of petitioner's miscellaneous deductions for lack of substantiation. Petitioner did not offer any documentation in support of such deductions, nor, as previously stated, did he appear at trial to provide testimony. Accordingly, we sustain respondent's determination as to these deductions.

### III. IRA Distribution and 10% Additional Tax

### A. IRA Distribution

Section 408(d)(1) provides that, with certain enumerated exceptions, any amount paid or distributed out of an IRA is included in the gross income of the payee or distributee as provided by section 72. Rollover contributions are an

exception to the inclusion of IRA distributions in the income of payees or distributees. An amount is a rollover contribution if it meets the requirements of section 408(d)(3). If an amount is distributed from an IRA to the individual for whom the account is maintained, and the entire amount is paid into an IRA, annuity, or eligible retirement plan for the benefit of the individual not later than the 60th day after the day on which he or she receives the distribution, it is a rollover excepted from inclusion in income. Sec. 408(d)(3)(A).

In 2010 petitioner received a $1,758 distribution from his Fidelity IRA. Petitioner alleges in his petition that the IRA distribution was a rollover and thus not subject to taxation in 2010; however, petitioner has not provided any documentation or testimony to support this allegation. See Rule 143(c) ("[U]nadmitted allegations in pleadings do not constitute evidence."). Because petitioner has not established that the IRA distribution was rolled over into another IRA, he does not satisfy the requirements of section 408(d)(3)(A) to except the distribution from inclusion in income for 2010. We therefore sustain respondent's determination on this issue.

B. Additional Tax Under Section 72(t)

Section 72(t)(1) imposes a 10% additional tax on the taxable amount of an early distribution from a qualified retirement plan (as defined in section 4974(c)).

The term "qualified retirement plan" includes an IRA described in section 408(a). Sec. 4974(c)(4). A distribution is "early" if it is made before the recipient attains the age of 59½. Sec. 72(t)(2)(A)(i). However, the 10% additional tax does not apply under certain circumstances. Thus, for example, section 72(t)(2) excepts a qualified retirement plan distribution from the 10% additional tax if the distribution is attributable to the taxpayer's disability, made for the payment of certain medical expenses or health insurance premiums, or used for a first-time home purchase. Sec. 72(t)(2)(A)(iii), (B), (D), (F).

Generally, the taxpayer has the burden of proving his or her entitlement to any of these exceptions. See Rule 142(a). In 2010 petitioner received a $1,758 distribution from his Fidelity IRA. Petitioner had not reached age 59½ at the time of the distribution. Furthermore, the record does not reflect why petitioner chose to withdraw the $1,758 from his retirement plan in 2010, such as whether the distribution was used to pay medical expenses, health insurance premiums, or expenses attributable to a disability or to make a first-time home purchase. Consequently, the distribution from his retirement plan is considered an early distribution for purposes of section 72(t). And, as the distribution has not been shown to fit within any of the statutory exceptions, petitioner is liable for the additional 10% tax on the distribution under section 72(t)(1).

IV. Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes an accuracy-related penalty equal to 20% of the amount of any underpayment of tax that is attributable to a substantial understatement of income tax. By definition an understatement is the excess of the tax required to be shown on the tax return over the tax actually shown on the return. Sec. 6662(d)(2)(A). An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

In the instant case petitioner reported tax due of zero for 2010 and $1,424 for 2011. The notice of deficiency determined petitioner's correct tax was $17,790 for 2010 and $18,808 for 2011. Respondent will have met his burden of production if Rule 155 computations show that petitioner had a substantial

understatement of income tax.  See, e.g., Jarman v. Commissioner, T.C. Memo. 2010-285.  We assume, arguendo, that respondent has carried his burden of production.  As a result, petitioner now bears the burden to show that an exception to the penalty applies.  See Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty with respect to any portion of an underpayment if the taxpayer establishes that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion.  The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances, including the taxpayer's knowledge, education, and experience, as well as the taxpayer's reliance on professional advice.  Thomas v. Commissioner, T.C. Memo. 2013-60; see also Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000) (providing a three-prong test to establish reasonable reliance on professional advice), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Humphrey, Farrington & McClain, P.C. v. Commissioner, T.C. Memo. 2013-23; sec. 1.6664-4(b)(1), Income Tax Regs.

By failing to appear at trial, petitioner did not adduce any evidence that might have served to satisfy his burden of proof. Accordingly, petitioner is liable for the accuracy-related penalties under section 6662(a) as determined by respondent.

## Conclusion

To reflect both the parties' concessions and our disposition of the disputed issues,

Decision will be entered

under Rule 155.