**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-81

UNITED STATES TAX COURT

JEFFREY MCCARTY AND ULONDRA MCCARTY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15225-11S.                    Filed August 25, 2014.

Jeffrey McCarty and Ulondra McCarty, pro se.

<u>Whitney N. Moore</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 25, 2011 (notice), respondent determined a $7,124 deficiency in petitioners' 2007 Federal income tax and imposed a $1,424.80 section 6662(a) accuracy-related penalty.  The issues for decision are:  (1) whether petitioners are entitled to deductions claimed on a Schedule A, Itemized Deductions, in excess of the amounts now allowed by respondent; and (2) whether petitioners are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioners resided in California.

Both petitioners hold advanced college degrees and were employed as special education teachers during 2007.  Mr. McCarty is and was at all times relevant employed as a special education teacher in the Azusa Unified School District; in 2007 he taught sixth, seventh, and eighth grade students.  Mrs.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

McCarty switched places of employment during 2007 from the Azusa Unified School District to the Rowland Unified School District; during 2007 she taught special education to students in kindergarten through sixth grade.

As special education teachers petitioners worked with children with a variety of special needs, described by them to include "learning disabilities, emotional disorders, explosive behavioral disorders, traumatic brain injury, autism, aphasia, speech and language disorders, and physical disabilities."

The State of California required petitioners to adhere to a mandated curriculum and to develop an individual education plan for each student. To comply with these requirements petitioners typically implemented a variety of teaching techniques depending on the needs of the individual student. If the school district did not provide petitioners with the resources necessary to achieve compliance with State requirements, then petitioners, from time to time, would incur out-of-pocket expenses to acquire the necessary resources.

The Azusa Unified School District's employee business expense reimbursement policy (reimbursement policy) provided that teachers were entitled to monthly reimbursements as follows: $500 for elementary schools; $700 for middle schools; $1,000 for high schools; and $500 for other departments. The

reimbursement policy also imposed various conditions and limitations depending upon the amount of reimbursement requested.

Both petitioners were active members of their church during 2007, and both were engaged in missionary work during that year. Mrs. McCarty taught Sunday school and volunteered for other church-related activities. She was also involved in charity work with Angel Tree, an organization that provides foster parents to children whose parents are incarcerated.

Petitioners' self-prepared, untimely filed joint 2007 Federal income tax return includes a Schedule A. As relevant here, on the Schedule A petitioners claimed: (1) a $9,833 deduction for medical and dental expenses;[2] (2) a $17,113 deduction for charitable contributions; and (3) a miscellaneous itemized deduction that takes into account certain unreimbursed employee business expenses relating to their respective employment as teachers.

In the notice respondent disallowed: (1) the deduction for medical and dental expenses; (2) the deduction for charitable contributions; and (3) so much of the miscellaneous itemized deduction as is attributable to unreimbursed employee

---

[2]For the year in issue medical and dental expenses are deductible only to the extent they exceed 7.5% of a taxpayer's adjusted gross income. Sec. 213(a). References to the "deduction for medical and dental expenses" take into account petitioners' adjusted gross income.

business expenses.[3] According to the notice, the underpayment of tax required to be shown on petitioners' 2007 return is due to "negligence or disregard of rules or regulations" and is a "substantial understatement of income tax". Therefore, according to the notice, petitioners are liable for a section 6662(a) accuracy-related penalty. Other adjustments made in the notice are computational and will not be addressed.

## Discussion

### I. Schedule A Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[4] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001;

---

[3]Respondent now concedes that petitioners are entitled to: (1) a $4,020 deduction for medical and dental expenses; (2) a $9,820 deduction for charitable contributions; and (3) a miscellaneous itemized deduction of $143 after taking into account allowable unreimbursed employee business expenses.

[4]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

Informed by these fundamental principles of Federal income taxation, we turn our attention first to the deductions here in dispute.

A.  Medical and Dental Expenses

In general, section 213(a) allows a deduction for expenses paid during the taxable year for medical care that are not compensated for by insurance or otherwise and to the extent that such expenses exceed 7.5% of adjusted gross income.

As noted, petitioners claimed a $9,833 deduction for medical and dental expenses on their 2007 return.  In support of their claim to this deduction, petitioners submitted a summary schedule showing entries for various expenditures.  The total of the expenses shown on the summary schedule, however, is not consistent with the amount of medical expenses shown on the

Schedule A. After a careful review of the summary schedule, which lists some personal, nondeductible expenditures, see sec. 262, duplicates other items, and contains other mistakes,[5] we find that petitioners are entitled to a medical expense deduction totaling $1,126.50 more than now allowed by respondent.

## B. Charitable Contributions

Generally, section 170(a) allows a deduction for any charitable contribution made by the taxpayer. Charitable contribution deductions are subject to the recordkeeping requirements of section 1.170A-13(a), Income Tax Regs., for contributions of money, or section 1.170A-13(b), Income Tax Regs., for contributions of property other than money. Any contribution of $250 or more must also satisfy the requirement of section 1.170A-13(f)(1), Income Tax Regs., which provides that to be allowed a charitable contribution deduction of $250 or more, the taxpayer must substantiate the contribution with a contemporaneous written acknowledgment from the donee organization.[6] If a taxpayer makes a

---

[5]On the medical and dental expense schedule for 2007, petitioners incorrectly included a charitable contribution as well as several expenditures apparently paid or incurred during years other than 2007.

[6]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year totals $250 or more. See sec. 1.170A-13(f)(1), Income Tax Regs.

charitable contribution of property other than money in excess of $500, the taxpayer must maintain written records showing the manner of acquisition of the item and the approximate date of the acquisition. See sec. 1.170A-13(b)(3), Income Tax Regs.

The $17,113 charitable contribution deduction claimed on the return and disallowed in the notice of deficiency consists in part of cash donations, in part of donations made in property, and in part of mileage.[7] Petitioners submitted a summary schedule showing $15,630.33 in charitable contributions. They have provided no explanation for the variance between the amount shown on the summary schedule and the amount shown on the Schedule A.

Petitioners did not maintain a mileage log for the charitable contribution deduction related to mileage, nor did they maintain adequate substantiation for many of the donations made in property. According to petitioners' summary schedule, most of the donations were made to their church, one or more of the schools that their children attended, and Goodwill. After a careful review of their summary schedule, we find that petitioners are entitled to a deduction for charitable contributions totaling $120 more than now allowed by respondent.

_____

[7]As noted, on the basis of adequate substantiation that petitioners provided, respondent now concedes that they are entitled to a $9,820 deduction for charitable contributions.

C.  Unreimbursed Employee Business Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  The term "trade or business" as used in section 162(a) includes the trade or business of being an employee.  Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); Christensen v. Commissioner, 17 T.C. 1456, 1457 (1952).  The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact.  See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose.  See Deputy v. du Pont, 308 U.S. 488, 495 (1940).  Ordinarily, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business.  See Commissioner v. Tellier, 383 U.S. 687 (1966); Carbine v. Commissioner, 83 T.C. 356, 363 (1984), aff'd, 777 F.2d 662 (11th Cir. 1985).  On the other hand, section 262(a) generally disallows a deduction for personal, living, or family expenses.

On the Schedule A petitioners claimed a miscellaneous itemized deduction that takes into account certain unreimbursed employee business expenses.[8] They submitted a summary schedule showing $20,190.29 in unreimbursed employee business expenses paid in 2007. As with the other deductions, no explanation has been given for the variance between the amounts shown on the summary schedule and the amount shown on the Schedule A. The summary schedule includes numerous unidentified expenses and some expenses that appear to be more personal than employment related. Taking into account the items shown on the summary schedule, the amounts petitioners claim to have expended, the connection of certain items with petitioners' employment as teachers, and the reimbursement policy, we find that petitioners are entitled to a deduction for miscellaneous itemized expenses, including unreimbursed employee business expenses, totaling $2,218.50 more than now allowed by respondent.

## II. Section 6662(a) Accuracy-Related Penalty

As relevant here, section 6662(a) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's: (1) negligence or disregard

---

[8]As noted, respondent now concedes that petitioners are entitled to a $143 miscellaneous itemized deduction that takes into account allowable unreimbursed employee business expenses.

of rules or regulations; or (2) substantial understatement of income tax.[9]  Sec.

6662(a) and (b)(1) and (2).  "Negligence" includes any failure to make a

reasonable attempt to comply with the provisions of the Code, including any

failure to keep adequate books and records or to substantiate items properly.  See

sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  A "substantial

understatement of income tax" includes an understatement of income tax that

exceeds the greater of 10% of the tax required to be shown on the return or

$5,000.  See sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.  Respondent

bears the burden of production with respect to the imposition of the section

6662(a) accuracy-related penalty.  See sec. 7491(c); Higbee v. Commissioner, 116

T.C. 438, 446-447 (2001).

Section 6664(c)(1) provides an exception to the imposition of the

accuracy-related penalty if the taxpayer establishes that there was reasonable cause

for, and the taxpayer acted in good faith with respect to, the underpayment.  Sec.

1.6664-4(a), Income Tax Regs.  The determination of whether the taxpayer acted

with reasonable cause and in good faith is made on a case-by-case basis, taking

into account the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income

---

[9]In this case the deficiency, underpayment of tax, and understatement of tax are all computed in the same manner.  See secs. 6211, 6662(d)(2), 6664(a).

Tax Regs. It is the taxpayer's burden to establish that he acted in good faith and that there was reasonable cause for the underpayment. See Higbee v. Commissioner, 116 T.C. at 449; see also Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The amounts shown on petitioners' summary schedules for the various expense deductions here in dispute are not consistent with the deductions claimed for those expenses on the Schedule A. The inconsistency has not been explained. To the extent that the deficiency and, correspondingly, the underpayment and understatement of income tax required to be shown on petitioners' 2007 return exceeds $5,000, we find that: (1) respondent has met his burden of production with respect to the imposition of a section 6662(a) accuracy-related penalty; and (2) petitioners have not established that they had reasonable cause for the underpayment. Otherwise, we find that respondent has not met his burden of production with respect to the imposition of the section 6662(a) accuracy-related penalty upon the ground of negligence or intentional disregard of rules or regulations.

To reflect the foregoing,

Decision will be entered

under Rule 155.